(26 Misc. Rep. 153.)

DODIN v. DODIN et al.

(Supreme Court, Special Term, New York County.    January, 1899.)

MORTGAGE—ENFORCEMENT OF LIEN.

   A testator left his property to his wife and one son, in trust for all his children during the minority of the youngest, with authority to sell realty when beneficial.    Being advised that they had no power to mortgage the realty, to raise funds to pay off a mortgage and make improvements, the trustees conveyed, without consideration, certain realty to one of the children, who executed a mortgage, secured the money and the satisfaction of the existing mortgage, and then reconveyed to the trustees, without consideration.    In foreclosure of the last mortgage, it and the deed from the trustees were held void as a device to evade the will.    All the parties acted in good faith, and all the children but two were of age, and considered the transaction to be for the benefit of the estate.    *Held*, in a proceeding to establish a lien against the property for the amount advanced under the mortgage, that the satisfaction of the first mortgage would be set aside, and the property of the infants sold to satisfy the same, and the lien asked for established as to all the parties, except the two infants.

Bill by Alexander J. Dodin, as sole surviving executor, etc., of Mansuy P. Dodin, against Alphonse J. Dodin and others.    Decree for complainant.

·James P. Albright (James P. Campbell, of counsel), for plaintiff.
Earley & Prendergast, for defendants.
M. J. Earley, for defendant guardian ad litem.

TRUAX, J.    Alexander Dodin died in the year 1884, owning a parcel of land in the city of New York.    He also left a last will and testament, which was duly admitted to probate, which will provided, among other things, as follows:

"Third. All the rest, residue, and remainder of my property, real and personal and mixed, whatsoever or wheresoever the same may be, of which I may die seised and possessed, or in any manner be interested in or entitled to, I give, devise, and bequeath unto my children living at the time of my death equally, share and share alike, and to their heirs and assigns, forever. Fourth. It is my will, and I hereby order and direct, that the share or portion of my estate herein given or devised to my said children shall be held in trust by my executrix and executor and the survivor during the minority of my daughter Clara, or, in case of her death before me, during the minority of the youngest child I may leave surviving, or until the death of such youngest child, should he or she die before attaining the age of twenty-one years; and that the income arising therefrom be applied to the use and maintenance and support of my said children, as the same may be necessary and proper in the discretion of my said executrix and executor from time to time, with the right and power to pay or apply such portion of the capital of the share to any child who shall have attained the age of twenty-one years, if, in the opinion of the said executrix and executor, the same would be provident and judicious, and with the further power to pay the whole share to any or all of my children when they respectively become of age, if the same, in their opinion, would be proper.    Sixth. I authorize and empower my said executrix and executor and their survivor to bargain, sell, and convey any or all of my real estate, from time to time, as they may deem the same to be advantageous and beneficial for my estate, and to make, execute, and deliver the proper and necessary deeds for the conveyance thereof, and to pay and distribute the proceeds arising from such sale to and among my children as herein directed in the third, fourth, and fifth clauses or paragraphs of this, my last will and testament.    Lastly, I nominate and appoint my said beloved wife, Celina Dodin, and my son Henry A. Dodin, as the executrix and executor of this, my last will and testament; and I appoint my said wife the guardian of my infant children, and, in case of her death during the minority of any of them, I appoint my said son Henry A. Dodin as such guardian."

Letters testamentary were duly issued to both the executrix and executor, and they took possession of the premises in the city of New York.    The said Alexander Dodin left, him surviving, eight children. One of said children died in infancy, without issue.    The others are still living.    Five of the children of said Alexander Dodin were of full age in the year 1889, at the time of the transactions hereinafter mentioned.    One of the children became of age in the year 1896, and the other will not become of age until 1904.    Part of the property of which said Alexander Dodin died seised was a plot of land on the west side of Avenue C, in the city of New York, 72 feet in width, and 90 feet in depth, with two double buildings on the front, and three buildings on the rear, of the lot.    In May, 1889, the executrix and executor named in the will had taken down the said buildings, and had begun excavating for a new building.    This was done upon the advice of Mansuy P. Dodin, a brother of said Alexander Dodin, deceased.    Said Mansuy P. Dodin then held a mortgage for $5,000 upon this property, which had been made by said Alexander Dodin in his lifetime.    He offered to lend to the executor and executrix $40,000 to assist them in the erection of the new building, but was advised by his lawyer that, under the will, the executor and executrix had no

right to make a mortgage.    It was, however, suggested to him that the executor and executrix should deed the property to some one, and then that that person should make a mortgage to him, the said Mansuy P. Dodin.    Acting upon this suggestion, the executor and executrix conveyed said property to Alphonse J. Dodin, one of the children of said Alexander Dodin, deceased, without consideration; and at the same time the said Alphonse J. Dodin executed and delivered a bond and mortgage to said Mansuy P. Dodin, to secure the payment of $45,000; and said Mansuy P. Dodin executed and delivered a satisfaction piece of the said $5,000 mortgage held by him, which satisfaction piece, together with the aforesaid deed, was duly recorded.    Said Mansuy P. Dodin advanced $40,000 in cash on said mortgage, which was applied entirely to the erection of the new buildings on said plot of ground.    Two months after the making of the deed and mortgage above referred to, the said Alphonse J. Dodin conveyed said property to the said executor and executrix.    This deed was also without any consideration.    An action was brought to foreclose said mortgage of $45,000, but the complaint was dismissed upon the merits, upon the ground that the transfer of the property by the executor and executrix to Alphonse J. Dodin was not a valid transfer, but was a device to evade the terms of the will of said Alexander Dodin.    It was also held that the deed to said Alphonse J. Dodin was void; that he had no title to the property; and that the mortgage made by him to Mansuy P. Dodin was also void.

In this action the plaintiff seeks to have said sum of $40,000 and interest thereon declared to be a lien upon the premises; to have the satisfaction of said $5,000 mortgage set aside, and said mortgage declared to be a lien upon said premises, and said premises sold, and the proceeds applied towards the payment of said liens, with interest, and the costs of this action.    The evidence clearly shows that all of the parties acted in good faith in making the transfer to Alphonse J. Dodin, the mortgage to Mansuy P. Dodin, and in erecting the new buildings on said premises, and that it was considered by all the parties, except the infants, that the erection of said buildings would be for the benefit of the estate of said Alexander Dodin.    The mortgage of $45,000 having been declared to be void, I am of the opinion that the satisfaction of said mortgage for $5,000 should be set aside, and said mortgage, together with interest thereon from the date of the last payment of interest on the $45,000 mortgage, should be declared to be a lien upon said premises; that a referee should be appointed to ascertain the amount due on said mortgage and to sell said property.    It seems to me that it would be inequitable to allow the widow of said Alexander P. Dodin and those of his adult children who were of full age at the time the $45,000 mortgage was made to receive the benefits of that mortgage in the making of which they participated, and be relieved of the burdens of the mortgage; and for that reason I direct that the referee, at the time of making the sale of the premises under the $5,000 mortgage, also sell all the right, title, and interest of the said widow, and the said five adult children of Alexander P. Dodin in said premises.    I appoint Mr. Gilbert M. Speir referee to carry out the provisions of this decree, and I direct

that a judgment be entered in accordance with this decision, with costs and an extra allowance of $500.

Ordered accordingly.